# In the United States Court of Federal Claims

No. 19-1353T
(Filed: January 27, 2020)
**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| JANICE SUE TAYLOR, | ) ) ) | *Pro Se*; Dismissal for Lack of Subject Matter Jurisdiction; Rule 12(b)(1); |
| *Pro Se* Plaintiff, | ) ) | Violations of the Internal Revenue Code; Unjust Imprisonment Claims; |
| v. | ) ) | Tort Claims |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

**ORDER OF DISMISSAL**

On September 5, 2019, plaintiff, Janice Sue Taylor, filed the above-captioned case in this court following her conviction for tax evasion in the United States District court in Arizona[1] and the dismissal of her claims for lack of subject matter jurisdiction before the United States Tax Court. Compl. at 1(Doc. No. 1); Mot. to Dismiss ("MtD") at 2 (Doc. No. 6); MtD Ex. H at 106-07; Resp. at 4 (Doc. No. 7); Resp. Ex. C at 15-16. In this action, she claims that the United States ("the government") "maliciously and with full knowledge" took her assets, namely her body and soul, without jurisdiction to do so. Compl. at 2; Resp. at 2. She is seeking $15,000,000.00 in damages. Compl. at 3.

---

[1] Ms. Taylor was sentenced to 78 months in prison for tax evasion and willful failure to file taxes for tax years 2003-2006. See MtD at 2; MtD Ex. C at 64-73; MtD Ex. E at 77-80.

The government filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") on November 4, 2019. In its motion to dismiss, the government explains that the dismissal of Ms. Taylor's case before the Tax Court for lack of jurisdiction did not mean, as Ms. Taylor argues, that the government did not have jurisdiction to hold Ms. Taylor responsible for failing to pay her taxes. The government further argues that (1) to the extent Ms. Taylor is alleging a wrongful levy or illegal collection of federal taxes, her claims can be heard only before the federal district courts; (2) to the extent Ms. Taylor is seeking a tax refund, she had not fulfilled the prerequisites for filing a tax refund claim in this court; and (3) this court does not have jurisdiction over Ms. Taylor's claims for the taking of her body and soul, which sound in tort. MtD at 6-9.

Ms. Taylor filed a response, in the form of "Counter-Claim," on December 17, 2019. In her response she states that she is not seeking a tax refund. Resp. at 5 ("Plaintiff is not requesting any alleged refund claim."). Rather, she states that her claim is "strictly based on violations of the required Statutes namely [Internal Revenue Code ('I.R.C.')] §§ 6212 and 6213(a), by the Federal District Court, and the Attorneys who represented fraudulently." Resp. at 5. I.R.C. § 6212 requires the Internal Revenue Service ("IRS") to issue a notice of deficiency in the event of a tax payer's tax deficiency. I.R.C. § 6213(a) authorizes the tax payer to petition the Tax Court once a notice of deficiency has been issued.

For the reasons that follow, the government's motion to dismiss is **GRANTED**.

## I. LEGAL STANDARDS

As plaintiff, Ms. Taylor must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Regarding challenges to federal tax liability, the jurisdiction of the Court of Federal Claims is limited to cases where the tax payer has paid the tax and is seeking a refund. *See* 28 U.S.C. §1346(a)(1) ("The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.").

## II. DISCUSSION

### A. This Court Does Not Have Subject Matter Jurisdiction over Ms. Taylor's Claims Related to Violations of I.R.C. §§ 6212 and 6213(a)

As noted above, the Court of Federal Claims' jurisdiction to hear tax cases is limited to actions seeking the refund of taxes, penalties, and interest that a tax payer has paid to the government. In her response to the government's motion to dismiss, Ms.

3

Taylor expressly disavows that she is claiming a tax refund. Resp. at 5 ("Plaintiff is not requesting any alleged refund claim."). Ms. Taylor states that her claims are "strictly" based on violations of I.R.C. §§ 6212 and 6213(a), "by the Federal District Court, and the Attorneys who represented fraudulently." Resp. at 5. Ms. Taylor is asking this court to find that because she claims not to have received notice of her federal tax liability under I.R.C. §§ 6212 and 6213(a), the government did not have "jurisdiction" to charge her with tax evasion or to collect any tax from her. *Id.* at 2-5.[2]

This court does not have subject matter jurisdiction to hear claims based on the government's alleged failure to comply with the notice of a tax deficiency under I.R.C. §§ 6212 and 6213(a) outside the context of a tax refund claim. As Ms. Taylor concedes, her claim for damages based on violations of I.R.C. §§ 6212 and 6213(a) is not a claim for a tax refund. That claim must therefore be dismissed for lack of subject matter jurisdiction.

      **B.**     **The Court Lacks Subject Matter Jurisdiction over Ms. Taylor's Other Claims**

To the extent Ms. Taylor is seeking damages based on fraud or unlawful imprisonment, *see* Resp. at 1, 5 (alleging claims for fraud and for the taking of Ms. Taylor's body and soul), those claims are also beyond this court's jurisdiction. As the

---

[2] To the extent Ms. Taylor is requesting that this court directly review or overturn her conviction, the court lacks jurisdiction to do so. *See, e.g., Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Cooper v. United States*, 104 Fed. Cl. 306, 311-12 (2012) ("To the extent that plaintiff is challenging his criminal trial, conviction, and imprisonment, . . . and the conduct of the government and its officers in connection with the prosecution of plaintiff in [district court], this court does not have jurisdiction over his claims because the court may review neither criminal matters . . . nor the decisions of district courts." (internal citation omitted)).

government correctly argues, Reply at 3, these claims sound in tort and are thus outside this court's jurisdiction and must be dismissed. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding that the United States Court of Federal Claims does not have jurisdiction over complaints grounded upon fraud, which is a tort); *see also Burciaga v. People*, No. 16-1257C, 2017 WL 384329, at *2 (Fed. Cl. Jan. 26, 2017) ("Claims of unlawful imprisonment inherently sound in tort") (citing *Al-Qaisi v. United States*, 103 Fed. Cl. 439, 442-43, *aff'd*, 474 F. App'x 776 (Fed. Cir. 2012)); *Burman v. United States*, 75 Fed. Cl. 727, 729 (2007) (holding that false imprisonment sounds in tort and must be dismissed by the Court of Federal Claims).[3]

## CONCLUSION

Ms. Taylor's Motion to *Proceed In Forma Pauperis* (Doc. No. 2) is **GRANTED** for the limited purposes of this order. Because this court does not have subject matter jurisdiction over any of the claims in Ms. Taylor's complaint, the government's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss Ms. Taylor's complaint

---

[3] Although Ms. Taylor does not expressly make a claim for unjust conviction and imprisonment under 28 U.S.C. § 2513, she references this statute in her response to the government's motion to dismiss. Resp. at 6. Under 28 U.S.C. § 2513, this court can adjudicate claims related to unjust convictions only where a plaintiff's conviction has been reversed or set aside on grounds of innocence or where the plaintiff has been pardoned. *See Vondrake v. United States*, 141 Fed. Cl. 599, 602, *aff'd sub nom. Drake v. United States*, No. 2018-2135, 2019 WL 5960464 (Fed. Cir. Nov. 13, 2019) (holding that although the Court of Federal Claims may adjudicate claims for money damages related to unjust convictions, the plaintiff must first establish that he was wrongfully convicted or that he was pardoned by the appropriate federal official). Ms. Taylor has not alleged that her conviction was reversed or set aside on grounds of her innocence, or that she has been pardoned. This statute therefore cannot serve as a jurisdictional basis for considering Ms. Taylor's claims for false imprisonment.

for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　　　／s／ Nancy B. Firestone
　　　　　　　　　　　　　　　　　　　　　　　　NANCY B. FIRESTONE
　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge